UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 7:14-CR-419-3 |
| | § | |
| MARCOS GONZALEZ-MARTINEZ | § | |

## ORDER OF SEVERANCE

In April 2014, Marcos Gonzalez Martinez ("Gonzalez") was indicted on a two count indictment with violations of the controlled substance laws of the United States. He subsequently pled guilty to Count Two and was sentenced on August 14, 2014 to a 70 months term of imprisonment. Judgment was entered on September 17, 2014. Gonzalez did not timely appeal, thus his judgment became final. Gonzalez has now filed a Motion for Return of Property.[1] In such motion, Gonzalez invokes Rule 41(g) of the Federal Rules of Criminal Procedure to seek return of property he alleges was seized during his arrest. Rule 41(g) of the Federal Rules of Criminal Procedure permits a person aggrieved by an unlawful search and seizure, or aggrieved by the deprivation of property to file a motion for return of property. A rule 41(g) motion filed in a criminal case that has already concluded is properly construed as a civil action for return of property.[2] Such a proceeding is a suit against the United States for property or money and is civil in nature, invoking the Court's general equity jurisdiction under 28 U.S.C. § 1331.[3]

Because his motion is properly construed as a civil action, Gonzalez must comply with the Prison Litigation Reform Act (PLRA) and pay the $400 filing fee or submit an application for leave to proceed in forma pauperis. Furthermore, his complaint is subject to the screening requirements of 28 U.S.C. § 1915A.[4] Gonzalez has not complied with the requirement of PLRA.

Accordingly, the Court hereby orders that:

(1) The Clerk sever Gonzalez's motion[5] and transfer the motion and this order to a civil case file, assigning a civil case number to the proceedings. The parties shall be realigned, because Gonzalez is the true plaintiff in this suit against defendant United States of America. All future

---

[1] Dkt. No. 81.

[2] *United States v. Clymore*, 217 F.3d 370, 373 n. 6 (5th Cir. 2000)(*citing Pena v. United States*, 122 F.3d 3, 4 n. 3 (5th Cir. 1997) (Both cases refer to Rule 41(e), Fed. R. Crim. P., but the rule was amended in December 2002 and subsection (e) was re-lettered as subsection (g). See Fed. R. Crim. P. Advisory Committee Notes to 2002 Amendments.)

[3] *Id.*

[4] *Pena*, 122 F.3d at 4.

[5] Dkt. No. 81.

pleadings related to Gonzalez's motion for return of property shall be filed in the new civil case file; and

(2) Within thirty days of the entry of this order, Gonzalez shall either: (a) pay the $400 filing fee; or (b) submit a completed application to proceed in forma pauperis, along with a certified copy of his inmate trust account records, which must reflect the account balance as of August 1, 2016, as well as the deposits and average balance for the six months preceding that date.[6] Failure to timely comply may result in dismissal of his case for want of prosecution.[7]

      IT IS SO ORDERED.

      DONE at McAllen, Texas, this 9th day of August, 2016.

_____
Micaela Alvarez
United States District Judge

---

[6] See 28 U.S.C. § 1915.
[7] Fed. R. Civ. P. 41.